**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEW HOPE FAMILY SERVICES, INC.**, <br><br>                     Plaintiff, <br><br>vs. <br><br>**LETITIA JAMES**, in her official capacity as New York State Attorney General; **LICHA NYIENDO**, in her official capacity as Commissioner of the New York Division of Human Rights; **MELISSA FRANCO**, in her official capacity as Deputy Commissioner for Enforcement of the New York Division of Human Rights; **GINA MARTINEZ**, in her official capacity as Deputy Commissioner for Regional Affairs of the New York Division of Human Rights; **JULIA DAY**, in her official capacity as Syracuse Regional Director of the New York Division of Human Rights; **WILLIAM FITZPATRICK**, in his official capacity as Onondaga County District Attorney, <br><br>                     Defendants. | No.: 5:21-cv-01031-MAD-TWD <br><br>**NEW HOPE FAMILY SERVICES, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** |

      Please take notice that, pursuant to Federal Rule of Civil Procedure 65 and the pre-motion conference held before this Court on October 25, 2021, Plaintiff New Hope Family Services, Inc. respectfully moves this Court for a preliminary injunction to stop Defendants from directly or indirectly enforcing N.Y. Exec. Law § 296 and N.Y. Civ. Rights Law § 40-c against New Hope. Specifically, New Hope asks that the preliminary injunction enjoin New York, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with New York who receive notice of this order from enforcing:

- N.Y. Exec. Law § 296(2)(a) and N.Y. Civ. Rights Law § 40-c(2) to impose or threaten any penalty on New Hope for publicly explaining, in any context and through any medium, its religious beliefs concerning marriage, family, and the best interests of children, or from publicly explaining its constitutionally protected

1

- practice of working with and placing children with only married couples comprising a mother and a father; and
- N.Y. Exec. Law § 296(2)(a) and N.Y. Civ. Rights Law § 40-c(2) to impose or threaten any penalty on New Hope in connection with its constitutionally protected practice of working with and placing children with only married couples comprising a mother and a father.

New Hope is a Christian, faith-based adoption provider that operates consistently with its religious beliefs about marriage and family. New Hope's faith teaches it that family as God created it is built around a man and woman committed to each other in marriage for life, and therefore that the best interests of each child committed to New Hope's care is served by placing that child into a loving home that includes a married mother and father. New Hope is privately funded, accepting no money from the government. Over the past 50 years, it has placed more than 1,000 New York children into permanent, loving homes.

In currently ongoing litigation between New Hope and an agency of the State of New York, the Second Circuit and this Court have already found that the State's efforts to force New Hope to change its policy, in violation of its religious beliefs, likely violate New Hope's free-speech and free-exercise rights, and this Court has entered a preliminary injunction protecting New Hope's right to speak and operate consistently with its faith. *New Hope Fam. Servs., Inc. v. Poole*, 966 F.3d 145 (2d Cir. 2020); *New Hope Fam. Servs., Inc. v. Poole*, 493 F. Supp. 3d 44 (N.D.N.Y. 2020). And on similar facts, the U.S. Supreme Court recently held that a city's effort to invoke nondiscrimination laws to require a faith-based foster care agency to operate in violation of its religious beliefs violated the free-exercise rights of that religious organization. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021).

Despite the currently ongoing litigation, the in-force preliminary injunction, and the very clear teachings of all these courts, the State of New York—now acting through its Division of Human Rights—is threatening to investigate and penalize New Hope under the New York

Human Rights Law, N.Y. Exec. Law § 296, for the same speech and conduct that courts have held are protected under the First Amendment.

As explained in the accompanying Memorandum of Law, a preliminary injunction should issue because, as interpreted and applied by Defendants, N.Y. Exec. Law § 296 and the closely parallel N.Y. Civ. Rights Law § 40-c (collectively, the "Laws") violate New Hope's free-speech and free-exercise rights under the First Amendment. In addition, New Hope will suffer irreparable harm in the absence of a preliminary injunction, the balance of equities weighs in favor of preserving the status quo, and the public interest supports temporarily enjoining enforcement of the Laws.

In support of this motion, New Hope relies on the following:

1. New Hope's Memorandum of Law in Support of Motion for Preliminary Injunction;
2. Declaration of Mark Lippelmann, with its exhibits;
3. Affidavit of Judith Geyer;
4. Supplemental Affidavit of Kathleen Jerman, with its exhibits;
5. Affidavit of Charity Loscombe;
6. Affidavit of Elaine Bleuer;
7. Affidavit of Ellie Stultz;
8. Affidavit of Jeremy Johnston;
9. Affidavit of Justin Bleuer, with its exhibits;
10. New Hope's Verified Complaint.

New Hope also requests that this Court waive any bond because the requested injunction serves the public interest by vindicating New Hope's constitutional rights. *See N.Y. State Telecomms. Ass'n v. James*, No. 2:21-cv-2389, 2021 WL 2401338, at *14 (E.D.N.Y. June 11, 2021) (no need for bond when State will not be harmed from granting the injunction); *accord Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir. 1974).

Respectfully submitted this 26th day of October, 2021

        *s/ Mark Lippelmann*
        Roger Brooks, N.D.N.Y. Bar Roll No. 700663
        rbrooks@adflegal.org
        Mark Lippelmann, N.D.N.Y. Bar Roll No. 702308*
        mlippelmann@adflegal.org
        Jonathan A. Scruggs, N.D.N.Y Bar Roll No. 515373
        jscruggs@ADFlegal.org
        Jeremiah Galus, N.D.N.Y. Bar Roll No. 700629*
        jgalus@ADFlegal.org
        Alliance Defending Freedom
        15100 N. 90th Street
        Scottsdale, AZ 85260
        (480) 444-0020
        *Admitted *Pro Hac Vice*

        David Cortman, N.D.N.Y. Bar Roll No. 502661
        dcortman@ADFlegal.org
        Alliance Defending Freedom
        1000 Hurricane Shoals Rd, N.E. Suite D-1100
        Lawrenceville, GA  30043
        (770) 339-0774

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 26, 2021, I electronically filed the forgoing with the Clerk of the District Court using the CM/ECF system. Service on counsel for all parties will be accomplished through the Court's electronic filing system.

                                                      s/ *Mark Lippelmann*
                                                      Attorney for Plaintiff