UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NEW HOPE FAMILY SERVICES, INC.,

                                                    Plaintiff,

                  -against-

LETITIA JAMES, in her official capacity
as New York State Attorney General;
MARIA L. IMPERIAL, in her official capacity
as Commissioner of the New York Division
of Human Rights; MELISSA FRANCO,
in her official capacity as Deputy
Commissioner for Enforcement of the New
York Division of Human Rights; GINA
MARTINEZ, in her official capacity as
Deputy Commissioner for Regional Affairs
of the New York Division of Human
Rights; JULIA DAY, in her official
capacity as Syracuse Regional Director of
the New York Division of Human Rights;
WILLIAM FITZPATRICK, in his official
capacity as Onondaga County District
Attorney,

                                                    Defendants.

**SETTLEMENT
AGREEMENT**

21-CV-1031
MAD/TWD

---

This SETTLEMENT AGREEMENT ("Settlement Agreement") is made by and between

Plaintiff New Hope Family Services ("Plaintiff" or "New Hope") and Defendants Letitia James in

her official capacity as New York State Attorney General; Maria Imperial in her official capacity as

Commissioner of the New York State Division of Human Rights; Melissa Franco in her official

capacity as Deputy Commissioner for Enforcement of the New York State Division of Human

Rights; Gina Martinez in her official capacity as Deputy Commissioner for Regional Affairs of the

New York State Division of Human Rights; and Julia Day in her official capacity as Syracuse

Regional Director of the New York State Division of Human Rights ("Defendants"), collectively,

"the Parties," as follows:

**WHEREAS**, the New York Human Rights Law prohibits discrimination in, inter alia, employment, housing, and places of public accommodation, on the basis of specified protected classes, N.Y. Exec. L. § 296; and

**WHEREAS**, pursuant to the New York State Human Rights Law, the New York State Division of Human Rights ("DHR"), is an agency within the executive department created to eliminate and prevent discrimination. N.Y. Exec. L. § 290.3. DHR is empowered to investigate and resolve complaints of discrimination it receives from the public about alleged violations of the Human Rights Law, N.Y. Exec. L. § 297; and

**WHEREAS**, upon receipt of a complaint, DHR engages in the administrative procedures set forth in Executive Law § 297 and 9 N.Y.C.R.R. § 465.5(d)(1), § 465.17; and

**WHEREAS**, New Hope is a non-profit corporation that operates an Adoption Program in which it, inter alia, evaluates applications of prospective adoptive parents and places children with adoptive families; and

**WHEREAS**, because of its religious beliefs, Plaintiff will not place a child with a same sex or unmarried couple, and refers any same sex or unmarried prospective couples to other adoption agencies ("the Policy"); and

**WHEREAS**, on August 23, 2021, DHR received an administrative complaint ("Administrative Complaint") from an individual alleging that, pursuant to the Policy, Plaintiff would not work with him, a homosexual man, in his efforts to become an adoptive parent; and

**WHEREAS**, on August 23, 2021, DHR advised Plaintiff of the complaint and directed Plaintiff to provide a response; and

**WHEREAS**, on September 17, 2021, Plaintiff commenced the above-captioned action ("Action"), asserting a First Amendment Free Exercise and Free Speech challenge to the jurisdiction of DHR to adjudicate administrative complaints alleging that the Policy violates the New York State

Human Rights Law, Complaint, ECF No. 1; and

**WHEREAS**, on October 26, 2021, Plaintiff filed a Motion for a Preliminary Injunction seeking an order enjoining Defendants from "directly or indirectly enforcing N.Y. Exec. L. § 296 and N.Y. Civ. Rights L. § 40-c against New Hope," Notice of Motion for Preliminary Injunction, ECF No. 31; and

**WHEREAS**, Plaintiff's Motion for a Preliminary Injunction was granted by Memorandum-Decision and Order of this Court dated September 28, 2022 enjoining Defendants from "directly or indirectly enforcing New York Executive Law § 296 or Civil Rights Law § 40-c against New Hope insofar as they would impose any penalty on New Hope for referring same sex couples or unmarried cohabitating couples to other agencies rather than providing them adoption services during the pendency of this litigation," Memorandum-Decision and Order, ECF No. 42; and

**WHEREAS**, the Parties wish to resolve this Action without further litigation;

**IT IS NOW STIPULATED, AGREED, AND ORDERED AS FOLLOWS**:

1.    The Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties waive their entitlement to costs pursuant to any court order, statute or rule, including but not limited to, Fed. R. Civ. P. 54.

2.    Upon the Court "so ordering" this Stipulation, the New York State Division of Human Rights shall close the Administrative Complaint pursuant to N.Y. Exec. L. § 297(3)(c).  Further, in connection with any complaints received by DHR alleging that the Policy violates the Human Rights Law, for so long as *New Hope Family Services, Inc. v James*, 21-CV- 01031 (MAD/TWD), 2022 WL 4494277 (N.D.N.Y. Sept. 28, 2022), remains controlling authority and is not superseded or abrogated by any statute, constitutional enactment or judicial authority, the Division shall promptly close such complaints pursuant to N.Y. Exec. L. § 297(3)(c), thereby exempting Plaintiff under such circumstances from engaging in the administrative procedure set forth in the Human Rights Law.

3.    The agreement set forth in paragraph 2 shall apply to complaints about the applicability of the Policy in connection with Plaintiff's Adoption Program only.  It shall not apply to complaints about any other programs offered by Plaintiff, or to any allegations of discrimination other than those based on sexual orientation and marital status as set forth in the Policy.  Nor shall it apply to complaints concerning allegations of discrimination against Plaintiff respecting other areas of jurisdiction covered by the New York State Human Rights Law.

4.    The State of New York, on behalf of Defendants, agrees to pay attorneys' fees to Plaintiff in the amount of $25,000 in full satisfaction of any and all fees and expenses incurred for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding -- administrative, judicial, or otherwise -- or any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.  Payment shall be made payable to Alliance Defending Freedom, as attorneys for Plaintiff, and mailed to Alliance Defending Freedom, Attn: Jeremiah Galus, Esq., 15100 N. 90th St., Scottsdale, AZ 85260.

5.    Payment of the amount specified in paragraph "4" of this Settlement Agreement is conditioned upon, and subject to, the approval of all appropriate state officials in accordance with N.Y Public Officers Law § 17.  If such approval is not obtained, this agreement will be vacated, and the case restored to the Court's docket for purposes of determining the amount of attorneys' fees and costs to be awarded to Plaintiff.  Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating payment.

6.    In the event that the payment referenced in paragraph "4" of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by

the Clerk of the Court, together with all other requested documents required under paragraph "5" of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of the Office of the Attorney General of all documentation required under paragraph "5" of this Settlement Agreement.

7.    Any taxes, or interest or penalties on taxes, on the payments referenced in paragraph "4" of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, and its attorneys, for fees paid to said attorneys. Plaintiff and its attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Letitia James, Maria Imperial, Melissa Franco Gina Martinez or Julia Day and/or the State of New York, or any of their present of former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties.

8.    Plaintiff and Plaintiff's attorneys agree that neither Letitia James, Maria Imperial, Melissa Franco Gina Martinez or Julia Day, nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities), shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in paragraph "4" of this Settlement Agreement by operation of law or otherwise. Plaintiff and Plaintiff's attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Letitia James, Maria Imperial, Melissa Franco Gina Martinez or Julia Day and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) for the satisfaction of any such liens.

9. For and in consideration of the agreement set forth in this Settlement Agreement and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of itself, administrators, successors, and assigns (collectively, "Releasing Parties"), hereby releases and forever discharges Letitia James in her official capacity as New York State Attorney General; Maria Imperial in her official capacity as Commissioner of the New York State Division of Human Rights; Melissa Franco in her official capacity as Deputy Commissioner for Enforcement of the New York State Division of Human Rights; Gina Martinez in her official capacity as Deputy Commissioner for Regional Affairs of the New York State Division of Human Rights; and Julia Day in her official capacity as Syracuse Regional Director of the New York State Division of Human Rights, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties incurred in connection with the Action up to and including the date of this Settlement Agreement related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any nonwaivable statutory protections or any constitutional rights.

10. Other than the Action and the case of *New Hope Family Services, Inc. v. Poole*, 18-CV-1419 (MAD/TWD) (N.D.N.Y.), Plaintiff represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending

against the Released Parties that would be subject to the release contained in paragraph 9, on its own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

11.  Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

12.  Plaintiff represents that it has thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiff represents that it has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that it executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that it understands its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

13.  The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

14.  The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

15.  Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the

provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

16.  It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members,  agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of the New York State Division of Human Rights or the State of New York.

17.  This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants, the New York State Division of Human Rights, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

18.  This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Action and

this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

19. The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement.

20. This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

21. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF**, the Parties acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date first above written.

Dated: Scottsdale, Arizona
　　　　April 24, 2023

ALLIANCE DEFENDING FREEDOM

Attorneys for Plaintiff

By: *Jeremiah Galus*
　　　Jeremiah Galus
　　　15100 N 90th St.
　　　Scottsdale, AZ 85260
　　　(480) 444-0020
　　　mlippelmann@adflegal.org

Dated: Albany, New York
　　　　April 24, 2023

LETITIA JAMES
　*Attorney General*
　*State of New York*
Attorney for Defendants

By:　*Adrienne J. Kerwin*
　　　Adrienne J. Kerwin
　　　Assistant Attorney General
　　　The Capitol
　　　Albany, NY 12224
　　　(518) 776-2608
　　　Adrienne.Kerwin@ag.ny.gov

Dated: Bronx, New York
     April 24, 2023

MARIA L. IMPERIAL
Commissioner
New York State Division of Human Rights
In Her Official Capacity

By: *Caroline J. Downey*
    Caroline J. Downey
    General Counsel
      New York State Division of Human Rights

SO ORDERED:

_____
Mae A. D'Agostino
United States District Judge

Dated: _____