## COUNTY OF ONONDAGA



**J. Ryan McMahon, II**
**County Executive**

**Robert A. Durr**
**County Attorney**

### DEPARTMENT OF LAW
**John H. Mulroy Civic Center, 10th Floor**
**421 Montgomery Street**
**Syracuse, New York 13202**
**Telephone: (315) 435-2170**
**Fax: (315) 435-5729**

27 April 2023

(By CM/ECF.)

Hon. Mae A. D'Agostino
James T. Foley U.S. Courthouse
444 Broadway
Albany, New York 12207

Re:     *New Hope Family Services, Inc. v James*
U.S. District Court, Northern District of New York
Case No. 5:21-cv-01031-MAD-TWD

Dear Judge D'Agostino:

Defendant William Fitzpatrick (Fitzpatrick) as district attorney of the county of Onondaga, docketed as a defendant party to the action, *New Hope Family Services, Inc. v James*, is represented by me as lawyer.

The docket of the action shows that the docketed as parties to the action, other than Fitzpatrick, are the docketed as plaintiff party, New Hope Family Services, Inc. (New Hope), represented by Jeremiah Galus (Galus) as lawyer, and the docketed as defendant parties, Letitia James (James) as attorney general of the state of New York, Licha Nyiendo (Nyiendo) as commissioner of the state of New York's division of human rights (DHR), Melissa Franco (Franco) as deputy commissioner for enforcement of DHR, Gina Martinez (Martinez) as deputy commissioner for regional affairs of DHR, and Julia Day (Day) as Syracuse regional director of DHR, represented by Adrienne J. Kerwin (Kerwin) as lawyer.

A paper named, settlement agreement, providing that the action and all claims asserted in it are dismissed pursuant to Federal Rules of Civil Procedure rule 41 (a) (1) (A) (ii), that is, without an order by a stipulation of dismissal signed by all parties who have appeared, was filed, 25 April 2023, by New Hope, apparently to be *so ordered* by the Court (*see* Dkt. No. 61).

Hon. Mae A. D'Agostino
27 April 2023
Page 2

The parties to the settlement agreement, so parties to the stipulation of dismissal, are New Hope, James, Franco, Martinez, and Day, docketed as parties to the action, and Maria Imperial (Imperial) as commissioner of DHR, not docketed as a party to the action. But, Nyiendo and Fitzpatrick, docketed as parties to the action, are not parties to the settlement agreement, so not parties to the stipulation of dismissal.

It is to be noticed that:

> "[T]he plaintiff may dismiss an action *without a court order* by filing: . . . a stipulation of dismissal *signed by all parties who have appeared*"    (Fed Rules Civ Pro rule 41 [a] [1] [A] [ii] [emphasis added]).

> "[Parties who have notified the court that they have settled an action] shall file a stipulation of dismissal *signed by each attorney . . .* or *litigant appearing in the action.* Any such stipulation of dismissal that is submitted by the parties shall contain the following language, if applicable: 'That no party hereto is an infant or incompetent.' . . . If a stipulation of dismissal is not timely filed, the Judge may enter an order dismissing the case by reason of settlement pursuant to the procedure set forth in L.R. 68.1" (L.R. 41.3 [emphasis added].)

> "On notice to the Court . . . that the parties have settled an action, and *upon confirmation of the settlement by all parties*, the Court may issue an order dismissing the action by reason of settlement. . . ." (L.R. 68.1 [a] [emphasis added]).

New Hope, who has appeared in the action, signed the settlement agreement, so the stipulation of dismissal, by Galus as lawyer for New Hope. James, Franco, Martinez, and Day, who have appeared in the action, signed the settlement agreement, so the stipulation of dismissal, by Kerwin as lawyer for James, Franco, Martinez, and Day. Imperial, who is not shown by the docket to have appeared in the action, looks to have signed the settlement agreement, so the stipulation of dismissal, by Caroline J. Downey (Downey), apparently admitted to practice as a lawyer in the courts of the state of New York, but not in the United States District Court for the Northern District of New York (*see* New York State Unified Court System, Attorney Online Services – Search, https://iapps.courts.state.ny.us/attorneyservices/wicket/page/DetailsPage?3 [last accessed 27 Apr 23]; United States District Court Northern District of New York, Attorney Information Lookup, https://www.nynd.uscourts.gov/attorney-information-lookup [last accessed 27 Apr 23]) as lawyer for Imperial. But, Nyiendo and Fitzpatrick, who have appeared in the action, have not signed the settlement agreement, so not signed the stipulation of dismissal.

Hon. Mae A. D'Agostino
27 April 2023
Page 3

Fitzpatrick is pleased that others have agreed to settle and dismiss the action, and all claims asserted in it, and Fitzpatrick does not object to any part of the settlement agreement except the stipulation of dismissal.

Fitzpatrick objects to the settlement agreement, so to the stipulation of dismissal, on the grounds that it is jurisdictionally defective and insufficient to effect a dismissal of the action and all claims asserted in it, by reason of the settlement agreement's, so the stipulation of dismissal's: not containing the language about no party to the action being an infant or incompetent; not being signed by all parties who have appeared; or being signed by a party who has appeared by a lawyer not admitted to practice as lawyer for such party.

Fitzpatrick asks the Court to: not *so order* the settlement agreement; and order the settlement agreement stricken from the docket; and order Kerwin to report to the Court whether or not Nyiendo ceased to hold office and Imperial is Nyiendo's successor; and order the docket corrected to show Imperial substituted for Nyiendo as a docketed defendant party, if Kerwin reports that Nyiendo ceased to hold office and Imperial is Nyiendo's successor; and order the parties to file a new settlement agreement, providing that the action and all claims asserted in it are dismissed pursuant to Federal Rules of Civil Procedure rule 41 (a) (1) (A) (ii), that is properly signed by all parties who have appeared.

Very truly yours,

John E. Heisler Jr.
Chief Deputy County Attorney

Cc:    All Counsel of Record  (By CM/ECF.)